UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Crane Rental Company, Inc., | ) ) | Chapter 11 Case No. 05-43338-JBR |
| Debtor. | ) ) ) | |

**MEMORANDUM OF DECISION**

This matter came before the Court on the Creditor International Union of Operating Engineers Local 4 Trust Funds' ("Funds") "Motion to Amend Proof of Claim, or in the alternative for Leave to File Late." (Doc. 279) Crane Rental Company, Inc ("Debtor) filed an opposition to the motion. (Doc. 288) The Court held a non-evidentiary hearing and took the matter under advisement.

Background

The facts are not disputed.

1. The Funds provides health care, disability, pension and 401(K) plan benefits to heavy equipment operators working in the construction industry, including the employees of the Debtor.

2. On May 17, 2005, the Debtor filed its voluntary Chapter 11 bankruptcy petition with this Court.

3. The Funds were listed in the Debtor's schedules as the largest unsecured claim, with a claim of $206,727.19. The claim was listed as disputed

4. Also the Debtor listed the Funds as a creditor holding an unsecured priority claim of $244,267.00. The claim was listed as disputed.

5. The Debtor filed a motion for the establishment of a bar date for filing proofs of claim. The

bar date set by the Court was August 19, 2005. Notice was provided to all creditors, including the Funds.

6. On August 1, 2005, the Funds filed a timely Proof of Claim. That Claim stated that the dates that the debt was incurred were "1/03 - 5/05" and listed as due and owing the amount of $108,219.05 and claimed additional amounts for interest, attorney's fees, and costs.

7. On September 12, 2005, the Debtor submitted its 100% Plan of Reorganization and Disclosure Statement which was confirmed on January 12, 2006.

8. The Funds received a payment of $111,278.78 on March 1, 2006 representing a one hundred (100%) percent payout with interest to the Funds upon the Funds' Claim as filed, and as provided in the confirmed plan.

9. On March 15, 2006, the Funds filed a second proof of claim and filed a motion to amend the original proof of claim or alternatively to accept a late-filed claim adding an unsecured non-priority claim of $190,101.60.

## Discussion

### *The Proposed Amended Proof of Claim*

The Court must determine whether the second Proof of Claim is an amendment to the original Claim or a new claim. Amendments to proofs of claim are "to be freely allowed as long as the purpose of the amendment is to cure a defect in the claim, to describe the claim with greater particularity, or to plead a new theory of recovery." *In re Callery*, 274 B.R. 51, 56 (Bankr. D.Mass. 2002). See also *In re Clamp-All Corp.*, 235 B.R. 137, 140 (1st Cir BAP 1999) ("Post-bar date amendments should be scrutinized to ensure that the amendment is not making a new claim against the estate.")

"The Court must scrutinize both the substance of the proposed amendment and the original proof of claim to ensure that the amendment meets three criteria." *Woburn Associates v.*

*Kahn*, 954 F.2d 1, 10 (1st Cir. 1992), *cert denied*, 510 U.S. 914, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993). "First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original claim." *Id.* "Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate." *Id.* "Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant." *Id.*; *Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir. 1997).

In the instant case, the Debtor acknowledges that the need to amend was not the result of bad faith or dilatory tactics on the part of the Funds. Additionally, the Court finds that there would be no unfair prejudice to other holders of unsecured claims against the estate as this was an one hundred (100%) percent plan and almost all distributions under the plan have already been made. At the hearing, the Funds stated that if a shortfall did occur, it would not request a pro rata distribution from the paid unsecured creditors. Instead, the Funds would absorb any shortfall.

Therefore, the only issue is whether the amended proof of claim meets the first of the three criteria. The first criterion requires the Court to make the determination that the proposed amended proof of claim does not assert a new right to payment. The Court finds that the proposed amendment does assert a new right to payment. The original proof of claim stated that the debt was incurred 1/03 - 5/05 and classified the debt as priority. In the amended proof of claim, the dates the non-priority debt was incurred remain the same, however, the Funds include an additional sum of monies owed as unsecured.[1] "The fact that a subsequent proof of claim is for a larger sum than that earlier proof does not prevent the latter from amending the former." *In*

---

[1] The Funds states in the amended proof of claim that the unsecured portion of the debt equals $190,101.60. This increases the overall claim to $298,320.60.

re *Hanscom Retail Foods, Inc.*, 96 B.R. 33, 35 (Bankr. E.D.Pa. 1988). Courts have found that merely increasing the amount of a claim will not prevent the amended proof of claim from being allowed. Courts have drawn a distinction, though, between merely increasing the amount owed and adding a new type of payment, i.e. a new type of tax. *Id.* "[W]here a claimant attempts to change the nature of a proof of claim, such as when the taxing authority attempts to increase its proof of claim by adding different types of taxes . . ., such amendments have generally been disallowed." *In re Metro Transportation, Co.*, 117 B.R. 143, 148 (Bankr. E.D.Pa. 1990). This is exactly what the Funds has done, it is seeking to increase the amount of its claim by adding different type of debt, a non-priority unsecured debt. The Court finds that the proposed amended proof of claim is a new claim, and therefore the Funds shall not be allowed to amend its original proof of claim.

### *Excusable Neglect*

The Funds, in the alternative, asked the Court to allow it to file a late proof of claim. Under Bankruptcy Rule 9006(b)(1), the Court has discretion "to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 382, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). To find neglect the Court must conduct a two part inquiry: (1) whether there was neglect; and 92) whether it was excusable.

In *Pioneer Investment*, the Court found that neglect had a broad interpretation that allowed courts, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Id.* at 388, 113 S.Ct. at 1494. "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.' Webster's Ninth Collegiate Dictionary 791 (1983)." *Id.* In the instant

case, counsel for the Funds admitted that the unsecured portion of the claim for the time period pre-dating the priority period had been inadvertently omitted. She stated, "When the proof of claim in this matter was filed in August, a mistake was made." Echoing the Court's words, counsel admitted that once filed, the proof of claim went "off of everybody's radar screen." It was not until the Funds received a payment of $111,278.78 on March 1, 2006, representing a 100% payout with interest to the Funds upon the Funds' Priority Proof of Claim as filed, did it realize that the non-priority portion of the claim had not been included in the original filing. Under the standard set forth in *Pioneer Investment*, the Court finds that there was neglect on the part of the Funds.

The second inquiry is whether the Funds' neglect of the Bar Date was excusable. The determination of whether the neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omissions. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*, 507 U.S. at 395, 113 S.Ct. at 1498. The first criterion to be considered is whether allowing the late filed claim will prejudice the debtor. In the instant case, the Debtor's confirmed plan is a liquidating plan. The Debtor is not a reorganized business whose cash flow will be affected by a late filed proof of claim. The Debtor is no longer operating. Additionally, in the instant case, the Debtor raises the argument of prejudice to the equity holders. The *Pioneer Investment* test examines whether there is prejudice to the debtor, not the equity holders. It is irrelevant under this criterion whether the equity holders will be prejudiced. The Court finds that the Debtor will not be prejudiced by allowing the Funds to file a late proof of claim.

The other factors to be considered by the Court support a finding that the neglect by the

Funds was excusable. No other creditors are going to be impacted by any potential judicial proceedings as all creditors have received distribution under the plan. The Debtor argued that by allowing the Funds' late Claim there would be harm to equity holders. The Court recognizes that the equity holders may be affected by allowing this proof of claim, but the plan calls for distributions to all holders of other claims to be paid in full. A liquidating Chapter 11 is tantamount to a Chapter 7. The rule under a Chapter 7 is even late claims are paid out before the equity holders receive a distribution. *See* 11 U.S.C. § 726(a)(3) (2006). The equity holders are subordinated to all other creditors. The Court does not find the Debtor's argument to be persuasive.

Finally, it is not an issue before this Court whether the Funds acted in good faith. The Debtor conceded that bad faith was not an issue.

## Conclusion

The Court finds that the Proof of Claim filed by the Funds is not an amended claim because it asserts a new right to payment. The Court will allow the Funds to file the late proof of claim as the Court finds that there was excusable neglect on the part of the Funds.

A Separate Order will issue.

Dated: May 1, 2006

*Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge